

see ww ww - 141

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
ATTORNEY GENERAL

March 8, 1957

Senator Jep S. Fuller
The Senate of the State of Texas
Austin, Texas

Opinion No. WW-57A

Re: Significance of the word
"paramount" as shown on
Page 2 of the committee
substitute for Senate
Bill 100.

Dear Senator Fuller:

Your request for an opinion of this office in your letter of February 21, 1957, on the above subject matter is in part as follows:

"I am submitting herewith the committee substitute for Senate Bill 100.

"The Transportation Committee directed me, as chairman, to refer this bill to your Department for a ruling on the significance of the word 'paramount' on page 2 of the Committee Substitute for Senate Bill 100."

The part of the committee substitute for Senate Bill 100 pertinent to your inquiry is as follows:

"2. It shall be the duty of the Commissioners to see that upon each railroad in this State carrying passengers for hire there shall be run at least one train each day, Sundays excepted, upon which passengers shall be hauled; provided, however, the Commission may, in its discretion, upon application filed and after notice and hearing, relax such requirement as to any railroad, or part, portion or branch thereof, when, (1) in its opinion, public convenience permits of such relaxation, and shall relax such requirement when it appears upon such hearing that the running of one train each day, Sundays excepted, is not necessary in the rendition of adequate service to the public; and, when, (2) in its opinion, that on any railroad, or part, or portion or branch thereof, passenger service as frequent as one train each day, Sundays excepted, with the passenger traffic offered and reasonably to be expected, does not and will not pay the cost of such service plus a reasonable return upon the property employed in the rendition of such service; provided, however, that the public convenience and the adequacy of the service to the public shall always be a paramount consideration in determining whether or not the requirement of operating

at least one train a day shall be relaxed because the cost of such service is not yielding a reasonable return upon the property employed in the rendition of such service; . . ."

Article 10, Section 1, Vernon's Civil Statutes, directs that in the construction of all civil statutory enactments "the ordinary signification shall be applied to words, except words of art or words connected with a particular trade or subject matter, when they shall have the signification attached to them by experts in such art or trade, with reference to such subject matter." Since the word "paramount" is not a word of art or a word connected with a particular trade or subject matter, the ordinary signification must be applied.

The term "paramount" is defined as follows:

"Adj. Having a higher or the highest rank or jurisdiction; superior to all others; chief; supreme; preeminent -- often with to; as, a duty paramount to all. Syn. -- see dominant." Webster's New International Dictionary, Second Edition, Page 1773.

"1. Possessing or pertaining to the highest title or jurisdiction; supreme in authority; as a paramount chief; paramount rule. 2. Possessing the highest degree of importance; superior to all others; supremely controlling; as paramount obligations; a paramount necessity. 3. Superior; higher: used prepositionally. Sny. Chief, eminent, foremost, preeminent, principal, superior, supreme." Funk and Wagnell's New Standard Dictionary of the English Language, Page 1792.

"Higher; superior; preeminent; of the highest rank or nature. It is a word frequently used in ordinary life, and having no technical or legal significance calling for a discrimination in the niceties of the meaning involved in the different ideas that may be drawn from a given situation." Volume 67 of Corpus Juris Secundum, Page 558.

The writer has carefully checked and has found no Texas Court decision construing the word "paramount". Some courts in other jurisdictions have judicially defined the word according to information stated in Words and Phrases, Permanent Edition, Volume 31, Page 53 and 1956 Pocket Parts. These judicial definitions conform with the above dictionary and encyclopedia definitions.

It is clear that the word "paramount" given its ordinary signification refers to something that is superior; higher; preeminent; above all; of highest rank or nature. This necessarily conveys the idea that the consideration of the public convenience and the adequacy of

the service to the public shall be a superior consideration as compared with the consideration of the cost of operation when the commission is seeking to determine whether or not to relax the requirement of operating at least one train a day.

We are of the opinion, however, that the above mentioned proviso which contains the word "paramount" is, in effect, meaningless for the following reasons:

Article 6479, sought to be amended, provided that the Railroad Commission could relax in the requirement of running at least one passenger train each day "when, in its opinion, public convenience permits of such relaxation and shall relax such requirement when it appears upon such hearing that the running of one train each day, Sundays excepted, is not necessary in the rendition of adequate service to the public, or that on any railroad or part or portion or branch thereof, passenger service as frequent as one train each day, Sundays excepted, with the passenger traffic offered or reasonably to be expected does not and will not pay the cost of such service plus a reasonable return upon the property employed in the rendition of such service."

Under the proposed bill, the words "and, when (2) in its opinion" has been substituted for the word "or" which is underlined above, so that under the proposed bill the Railroad Commission before it permits the relaxation of service must find (1) that public convenience permits of such relaxation and that the running of one train each day, except Sunday, is not necessary in the rendition of adequate service to the public; and also must find (2) that the passenger traffic offered and reasonably to be expected does not and will not pay the cost of such service plus a reasonable return upon the property employed in the rendition of such service.

If the Railroad Commission must make affirmative findings on both of these issues, it appears to be immaterial which shall be given paramount consideration. Affirmative findings must be made on each issue and if an affirmative finding on each issue is required, it is wholly immaterial which the Commission considers of greatest importance.

Opinion No. WW-57 dated March 8, 1957, is withdrawn and this opinion is substituted in lieu thereof.

### SUMMARY

The word "paramount" as used on page 2 of the Committee Substitute for Senate Bill 100 conveys the idea that the consideration of the public convenience and the adequacy of the service to the public shall be a superior consideration as compared with the consideration of the cost of operation when the commission is seeking to determine wheth-

er or not to relax the requirement of operating at least one passenger train a day. However, the Bill proviso which contains the word "paramount" is, in effect, meaningless.

Very truly yours,

WILL WILSON
Attorney General

By Edward A. Cazares
Edward A. Cazares
Assistant

EAC:lm

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman